UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-746-H

BRADFORD A. QUATKEMEYER, M.D.                                    PLAINTIFF

V.

KENTUCKY BOARD OF MEDICAL LICENSURE, et. al.                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Dr. Bradford Quatkemeyer, brought this action alleging that the Kentucky

Board of Medical Licensure ("the Board") and its individual members violated his due process

rights under the Fourteenth Amendment to the United States Constitution when they restricted

his ability to prescribe controlled substances without notice and a hearing and, subsequently,

placed him on probation following a full hearing.  Initially, Plaintiff named only the Board and

its individual members in their official capacities as defendants.  Shortly after the complaint was

filed, Defendants moved to dismiss primarily on the basis of Eleventh Amendment immunity.

Before responding to that motion, Plaintiff moved to amend his complaint[1] to name the

individual members of the Board in both their official and personal capacities and clarify that he

also sought prospective injunctive relief.  Defendants subsequently filed a motion to dismiss the

amended complaint raising a variety of defenses.  The parties have fully and expertly briefed that

motion and it is now ripe for the Court's review.

---

[1] The Court will sustain the motion to amend the complaint.  Thus, the discussion in this Memorandum
Opinion and Order presumes the amended complaint controls.

# I.

An in-depth discussion of the facts is not necessary for the resolution of this motion. Rather, a brief discussion of what happened will suffice.

Plaintiff is a physician licensed to practice family medicine in the state of Kentucky. In 2007 a relative of one of his patients filed a grievance with the Board charging that Plaintiff's controlled substances prescription practices contributed to his sister's illegal drug addiction. Under Kentucky Statutes, upon receiving such a grievance the Board appoints individuals to investigate the situation and then votes on whether to file a complaint against the physician. In this case, the investigators determined there were significant problems with Plaintiff's prescription practices and the Board voted to issue a complaint against Plaintiff. At the same time, the Board also issued an emergency order of restriction against Plaintiff, which prohibited him from prescribing controlled substances pending a hearing on the complaint.

Pursuant to his statutory right, Plaintiff requested an immediate hearing to challenge the order of restriction. In a timely fashion, the Board appointed a hearing officer who affirmed the emergency order as provided by statute. Plaintiff appealed that decision to the Jefferson Circuit Court. There, Plaintiff raises the same constitutional claims he raises in this case.

While that action was pending, the hearing on the original complaint continued. After lengthy discovery delays, the same hearing officer found that while many of the allegations in the complaint were inaccurate, there were problems in Plaintiff's practice, primarily related to his record keeping. The Board reviewed the hearing officer's findings at its August 20, 2009 meeting and heard from Plaintiff's counsel. Following that review, the Board adopted the

hearing officer's findings and placed Plaintiff on a five year order of probation.[2]  That order essentially required that Plaintiff maintain a controlled substance log, that he allow the Board's agents to inspect that log and other relevant records, and that he reimburse the Board's costs in the proceeding.  According to his statutory rights, Plaintiff appealed the Board's decision to the Jefferson Circuit Court making mostly the same allegations he makes here.

Plaintiff brought this action the same day he filed his appeal of the Board's final decision in Jefferson Circuit Court.  Plaintiff sets forth four causes of action: (1) the Board and its members violated his due process rights under the Fourteenth Amendment when they issued the final order of probation; (2) the Board and its members violated his due process rights under the Fourteenth Amendment when they circulated false and injurious statements about him that damaged his reputation; (3) the Board committed mail fraud when its agents sent false statements about him through the mails; and (4) the Board and its members violated his due process rights under the Fourteenth Amendment when they issued the emergency order of restriction without first affording Plaintiff notice and an opportunity to be heard.

## II.

Defendants have moved to dismiss based, in part, on the doctrine of abstention as first set forth by the U.S. Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971).  "Younger abstention represents a 'strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."  *Parker v. Commonwealth of Kentucky, Bd. Of Dentistry*, 818 F.2d 504, 507 (6th Cir. 1987).  There is a three part test for determining whether a District Court should abstain from hearing a case: "(1) whether the underlying proceedings

_____

[2] By entering the final order of probation, the emergency order of restriction was automatically lifted.

constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *see also Danner v. Board of Professional Responsibility of Tennessee Supreme Court*, 327 Fed. Appx. 577, 578 (6th Cir. 2009).

First, there are clearly pending judicial proceedings in state court. Plaintiff's initial action against the emergency order of restriction remains pending on the Jefferson Circuit Court docket and that case alleges the same constitutional violations as this case. Simply because Plaintiff has not pursued that case recently does not change the fact that the case is pending. All of Plaintiff's claims related to the final order of probation are also pending in Jefferson Circuit Court on Plaintiff's appeal of that decision.

Second, the licensing of medical doctors and control of prescription drugs is an important state interest. *See Parker*, 818 F.2d at 508 ("The second predicate for applying the *Younger* abstention doctrine is also met, since these proceedings involve an important state interest - namely, licensing of dentists and assuring professional conduct of dentists."); *Watts v. Burkhart*, 854 F.2d 839, 846-47 (finding that "[t]he second factor for applying Younger abstention is also met in this case, since a vital state interest is clearly involved" where the state had revoked a physician's medical license for improper distribution of controlled substances).

Finally, it is clear that Plaintiff has "an adequate opportunity to raise his constitutional claims" in the state court proceedings. In fact, Plaintiff has challenged both the order of restriction and the order of probation in state court on the same constitutional grounds he challenges them in this Court. The Supreme Court has stated that " it is sufficient [for *Younger*

abstention] that constitutional claims may be raised in state-court judicial review of the administrative proceeding." *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986).

Because Plaintiff's action in this Court would improperly interfere with the pending Kentucky state court cases involving important state matters, this Court will abstain from hearing Plaintiff's case at this time. Where abstention applies, dismissal without prejudice of all claims for injunctive and declaratory relief is appropriate. *Meyers v. Franklin County Court of Common Pleas*, 23 Fed. Appx. 201, 206 (6th Cir. 2001). "However, with respect to the damages claims. . . the appropriate action based on *Younger* abstention is a stay." *Id.*[3]

## III.

The constitutional claims from which the Court must abstain make up the majority of Plaintiff's case. However, Count Three of the amended complaint alleges that the Board committed acts of mail fraud through its agents and employees, a claim for which there is no pending state court action and to which *Younger* abstention does not apply. Specifically, Plaintiff alleges that an investigator for the Board, an unnamed Kentucky State Police trooper and the physician consultant hired by the Board used the mail system to send false statements regarding Plaintiff. Importantly, Plaintiff has not named any of these individuals as defendants and does not seek recovery on this claim from the individual board members in their personal capacities. Thus, Plaintiff brings this claim only against the Board.

---

[3] The individual Board members state that they are entitled to quasi-judicial immunity and, therefore, the Court can dismiss the damages claim with prejudice as opposed to merely staying the claim under *Younger* abstention. The Court expresses no view on the applicability of quasi-judicial immunity because to do so would, in essence, be dictating a judgment for Defendants as opposed to allowing the state court to consider the issues as anticipated by the doctrine of abstention.

The Court has significant doubts about the viability of a mail fraud claim against the Board. Before considering the substantive merits of that claim, however, the Court must determine whether the Board is protected by sovereign immunity under the Eleventh Amendment to the United States Constitution. "The Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court." *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). There is no allegation that the state has waived its sovereign immunity or that it has consented to suit in federal court. Thus, if the Board is an agency of the Commonwealth of Kentucky, the Eleventh Amendment bars Plaintiff's mail fraud claim.

The origins of the Board can be found in KRS § 311.530. "There is hereby created in state government an independent board to be known as the State Board of Medical Licensure which shall exercise all medical and osteopathic licensure functions heretofore exercised by the State Board of Health." *Id.* The statute goes on to detail how Board members are appointed, either by position as Dean of a local medical school or by direct appointment of the governor. All appointed members hold their office for a term of four years.

Judge Russell of this District has previously found that the Board is a state agency entitled to Eleventh Amendment protection. *Peavey v. University of Louisville*, No. 3:09-CV-00484-R, 2009 WL 3254131, at *2 (W.D. Ky. Oct. 7, 2009) ("Because the Board is a state agency created by KRS § 311.530, and because none of the above exceptions [to Eleventh Amendment immunity] exist in this case, the Board is entitled to sovereign immunity under the Eleventh Amendment."); *Williams v. Kentucky Bd. Of Medical Licensure*, No. 3:07-CV-486-R, 2008 WL 4329925, at *3 (W.D. Ky. Sept. 12, 2008) (holding the same). Other Circuits have

found the same with respect to medical licensing boards. *See Fairley v. Louisiana*, 254 Fed. Appx. 275, 277 (5th Cir. 2007); *Tobias v. Arizona Bd. Of Medical Examiners*, 189 F.3d 474, 1999 WL 510951, at *1 (9th Cir. July 15, 1999) (table opinion). Moreover, the Sixth Circuit has repeatedly held that boards created by a state to review professional conduct and licensing are entitled to Eleventh Amendment immunity. *Lawrence v. Chabot*, 182 Fed. Appx. 442, 450 (6th Cir. 2006) (board of bar examiners); *Dubuc v. Michigan Bd. Of Law Examiners*, 342 F.3d 610 (6th Cir. 2003) (same); *Williams v. Michigan Bd. of Dentistry*, 39 Fed. Appx. 147, 148-49 (6th Cir. 2002) (board of dentistry). These cases make clear that the Board is a state agency entitled to Eleventh Amendment immunity.

Plaintiff disagrees, primarily on the grounds that the Board is funded by fees from doctors, which he contends are not a part of the state treasury. To be certain, the primary test for determining whether an agency is entitled to Eleventh Amendment immunity is whether a damages judgment against that agency will be paid by the state treasury. *See, e.g., S.J. v. Hamilton County, Ohio*, 374 F.3d 416, 420 (6th Cir. 2004). Here, the Commonwealth of Kentucky has authorized the Board to levy fees against physicians. "All fees collected by the board . . . [are] *paid into the State Treasury* and credited to a trust," which is used by the board to defray its costs and expenses. KRS § 311.610 (emphasis added). While it is true that those trust funds never revert to the general funds of the commonwealth, *id.*, the funds are still a part of the state treasury and any damages judgment in this case will be paid out of state treasury funds. Simply earmarking the funds for a specific purpose does not render the funds separate from the state treasury for purposes of the Eleventh Amendment. *See U.S. Pipe & Foundry Co. v. Johnson*, 927 F.2d 296, 299 (6th Cir. 1991) (finding that the worker's compensation board was a

state agency for Eleventh Amendment purposes even though all funds paid into the board were placed in trust to be used only by the board).

Given the state of existing case law, the statutory nature of the Board, and the fact that the Board is funded by monies kept in the Kentucky state treasury, the Court finds that the Board is a state agency entitled to Eleventh Amendment immunity.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend the Complaint is SUSTAINED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss with respect to Counts I, II, IV and V of the Amended Complaint is SUSTAINED IN PART; all claims for injunctive and declaratory relief are DISMISSED WITHOUT PREJUDICE; the claims in those Counts for damages arising from constitutional violations are STAYED pending the conclusion of the Jefferson Circuit Court cases.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Count III of the Amended Complaint (mail fraud) is SUSTAINED and that Count of the Amended Complaint is DISMISSED WITH PREJUDICE.

This is not a final and appealable order.

cc:     Counsel of Record