UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-746-H

BRADFORD A. QUATKEMEYER, M.D.                                       PLAINTIFF

V.

KENTUCKY BOARD OF MEDICAL LICENSURE, et al.              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

On February 25, 2010, this Court issued a Memorandum Opinion and Order, which dismissed many of the claims in the Amended Complaint. The only remaining claims are those for federal constitutional due process violations. The Court stayed those claims pending resolution of various ongoing state proceedings. On April 25, 2011, after the Jefferson Circuit Court affirmed a decision of the Kentucky Board of Medical Licensure (the "Board"), this Court issued an order for Plaintiff to show cause why the remaining claims should not be dismissed. Both parties responded.

Plaintiff continues to argue that because the state courts have not addressed his constitutional claims, even though he has raised them, this Court should maintain its stay until the appeals process is completed. Defendants respond that Plaintiff has had an adequate opportunity to raise these issues and that, therefore, this Court should abstain under the principles espoused in *Younger v. Harris*, 401 U.S. 37 (1971), and laid out in *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). They also argue strongly for dismissal on the grounds of sovereign immunity. The Court has discussed these issues with counsel at a conference.

The doctrine of abstention seems to require primary consideration in these circumstances. This doctrine is a mandatory jurisdictional limitation founded upon principles of federalism and comity between federal and state courts. It prohibits federal courts from interfering with state court criminal or administrative proceedings where (1) the state action was pending when the federal action is filed; (2) the case implicates important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal claims. *Middlesex County Ethics Comm.*, 457 U.S. at 432; *Tindall v. Wayne County Friend of Court*, 269 F.3d 533, 538 (6th Cir. 2001). For the reasons that follow, abstention seems appropriate here.

All three requirements are easily met. This Plaintiff filed two state court actions addressing the same or similar issues prior to filing this federal action. The state has a traditional and strong interest in regulating medical practice within its boards. It has a well-established administrative mechanism for doing so. Plaintiff has raised the federal constitutional issues in state court, where any appeal from a Board decision is required. This Court can presume that Kentucky state courts have the ability to consider and rule upon Plaintiff's due process issues. Simply because a court does not mention an issue in its opinion does not defeat the third element of the abstention doctrine. To apply the doctrine of abstention in these circumstances is entirely consistent with the general doctrine, several other circuit holdings and the opinion of a district court within our own circuit. *Coggeshall v. Mass. Board of Registration of Psychologists*, 604 F.3d 658 (1st Cir. 2010); *Allen v. Louisiana State Board of Dentistry*, 835 F.2d 100 (5th Cir. 1988); and *Kalniz v. Ohio State Dental Board*, 699 F.Supp.2d 966 (S.D. Oh. 2010).

Upon further consideration, the Court believes that a stay is not the appropriate remedy here. The Court concludes that it must abstain from consideration of Plaintiff's claims in federal
2

court and should dismiss these claims.[1]

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE.

This is a final order.

cc: Counsel of Record

---

[1] The Court also believes that the individual board members of the Kentucky Board of Medical Licensure are probably immune from lawsuits arising from their actions as prosecutors or judges during Plaintiff's administrative process. *See Butz v. Economou*, 438 U.S. 478 (1978); *Watts v. Burkhart*, 978 F.2d 269 (6th Cir. 1992). In addition, though some of the circumstances here are unusual, the Board could have proceeded differently. However, upon reviewing the full procedural history of these proceedings, the Board appears to have followed its established rules and regulations.